UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CRITERION ECONOMICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV176 SNLJ |
| ) | |
| KIRBY McINERNEY LLP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, for transfer based on *forum non conveniens* (# 11), filed February 18, 2009. Plaintiff responded (#16) on February 25, 2009. Defendant filed a reply (#17) on March 4, 2009.

Defendant, Kirby McInerney LLP, is a law firm and limited liability partnership organized under the laws of the State of New York with its principal place of business in New York, New York. Plaintiff, Criterion Economics, LLC, is a limited liability company organized and existing under the laws of Delaware with its headquarters and principal place of business in Washington, D.C. Neither party has a place of business in Missouri.

Plaintiff and defendant entered into a consulting service agreement that was accepted in New York and that was to be performed primarily at the Criterion offices in Washington, D.C. Under the agreement, plaintiff was to furnish expert advice and testimony in <u>Southeast Missouri Hospital, et al. v. C.R. Bard, Inc.</u>, Case No. 1:07cv31 TCM, a class action case that is currently pending in the Eastern District of Missouri, Southeastern Division. Defendant, admitted to the Missouri Bar *pro hac vice*, is lead counsel for the class member plaintiffs in that case.

Plaintiff Criterion filed suit against defendant in this Court alleging failure to pay under the terms of their consulting contract. Defendant filed this present motion alleging that this Court should dismiss this case for lack personal jurisdiction over the defendant or, in the alternative, this case should be transferred under the doctrine of *forum non conveniens*.

**I. Personal Jurisdiction**

If personal jurisdiction is contested, plaintiff has the burden of proving facts supporting jurisdiction. Dever v. Hentzen Coatings Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). Whether a court has personal jurisdiction over a non-resident defendant requires a two-step analysis. Wines v. Lack Havasu Boat Manufacturing, 846 F.2d 40, 42 (8th Cir. 1988). First, the applicable state long-arm statute, here Section 506.500, RSMo. 2004, must be satisfied. Second, the court's exercise of jurisdiction must be consistent with the Due Process Clause of the 14th Amendment. Id. Missouri construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause. State ex rel. Metal Service Center of Georgia, Inc. v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982) (en banc); *see* Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cr. 2000) (citing Wiesman), *cert. denied sub nom* Industrivarden Serv.AB v. Clune, 533 U.S. 929 (2001). Thus, the necessary analysis is whether the exercise of personal jurisdiction comports with due process.

Due process allows the court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice, International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), and if the defendant has sufficient "minimum contacts" with the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The contacts with the forum state are sufficient if the non-resident defendant "should reasonably anticipate being hauled into court there." Id. at 567.

The Eighth Circuit has adopted a five-part test for measuring minimum contacts. The factors include: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818-19 (8th Cir. 1994). The court gives significant weight to the first three factors. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004).

With these factors in mind, this Court holds that defendant does indeed have sufficient contacts with Missouri so to confer personal jurisdiction over defendant. The first two minimum contact factors are satisfied by the very fact that defendant has brought suit and is actively prosecuting a complex class action case in Missouri courts on behalf of its clients. In connection with that case, and from its commencement, defendant's lawyers have engaged in all the efforts required of them in the representation of their clients, including their filing of pleadings, motions, and related matters in the Missouri court, their participation in the discovery stage of the case (including one deposition held in Missouri), and their personal presence for court appearances, meetings, and other matters attendant to the case.

Although defendant cites Austad Co. v. Pennie & Edmonds, 823 F.2d 223 (8th Cir. 1987) -- another fee dispute case -- for the proposition that a non-resident New York law firm is not subject to personal jurisdiction in South Dakota where its client was located, that case is altogether different. In Austad, and unlike the case at hand, the New York law firm had been representing its client in a patent litigation case in Maryland, rather than in the client's home state of South Dakota. Here, in contrast, the defendant law firm is practicing law in Missouri and representing clients in a Missouri court.

With regard to the third minimum contacts factor -- the relation of the cause of action to the contacts – plaintiff again prevails. Defendant claims that its fee dispute with plaintiff has only a tenuous and indirect relationship with Missouri because the contract was negotiated and entered into in New York and Washington, D.C., none of the work performed by plaintiff has been conducted in Missouri, and all statements and payments for the work have been transacted between New York and Washington. In response, plaintiff persuasively points out that under the consulting services agreement entered into by the parties, plaintiff was to provide information, expert advice and testimony to the defendant for use in the Southeast Missouri Hospital litigation in Missouri. And plaintiff further asserts that because the information requested under the contract was for the eventual use of persuading Missouri jurors in a Missouri court, Missouri residents were the "intended consumers" of the fruits of the contract between plaintiff and defendant. These facts clearly establish the necessary relation of the fee dispute between plaintiff and defendant to the defendant's minimum contacts in Missouri.

Having determined that the first three minimum contacts factors are met, there is no need to address the two remaining less significant factors. Accordingly, defendant's motion to dismiss for lack of personal jurisdiction must be denied.

**II. Motion to Transfer for *Forum non Conveniens***

Despite this Court having personal jurisdiction over defendant, this Court will grant defendant's motion to transfer for *forum non conveniens*. 28 U.S.C. § 1404(a) states that, "[f]or the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, under the statute, there are three general categories of factors that a court must consider when ruling on a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the

4

witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The Court must weigh these private concerns with public-interest concerns such as interest of the forum state in the litigation and the cost and burden on the forum state in deciding the case. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988); *see* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), *superceded by statute*. A plaintiff's choice of forum is usually given great deference and will not be changed unless the balance of private and public factors heavily indicates another forum. Piper v. Reyno, 454 U.S. 235, 255-56 (1981).

The record here establishes a classic case of *forum non conveniens*. Missouri has no interest in adjudicating this case. Because this is a contract action, the evidence will focus on the agreement, correspondence or other documents concerning the agreement, and testimony of parties or others with knowledge of the negotiations or performance of the contract. In appears that all actions surrounding the negotiation, execution, and performance of the contract occurred either in New York or in Washington, D.C. All parties to the contract and potential witnesses reside outside Missouri. Neither Missouri nor any residents of Missouri have an interest in the contract such that Missouri would have an interest in providing a forum. There is nothing to tie this breach of contract action to Missouri except for the Southeast Missouri Hospital litigation which was the reason why defendant entered into the contract with plaintiff.

This Court is aware that great deference should be given to plaintiff's choice of forum. However, the inconvenience to all parties involved, the lack of any interest of Missouri in this action, and the burden on Missouri in adjudicating this case heavily outweigh plaintiff's choice. Thus, this Court will grant defendant's motion to transfer based on *forum non conveniens*.

Defendant requested in its motion to have this case transferred to the Southern District of New York while plaintiff requested that, if defendant's motion was granted, this case be transferred to the District of Columbia. Under § 1404 this Court may transfer this case "to any

other district or division in which it might have been brought." Plaintiff's claim was brought in federal court based upon diversity jurisdiction, and venue is proper in a diversity case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, . . . or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Under the facts before this Court, New York is a proper venue for which to transfer this case. The sole defendant is organized under the laws of New York and has its principal place of business in New York which makes the Southern District of New York a proper venue under § 1391(a)(1). Although both parties also present information to support their claims that "a substantial part of the events or omissions" occurred in their respective home cities, this Court, having already found that the Southern District of New York a proper venue, need not enter into a lengthy discussion as to whether the case could have also been properly brought in the District of Columbia.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, transfer under the doctrine of *forum non conveniens* is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that, despite having personal jurisdiction over the defendant, defendant's motion to transfer for *forum non conveniens* is **GRANTED** and this action is transferred in its entirety to the Southern District of New York.

Dated this   1st   day of April, 2009.

                                             _____
                                             UNITED STATES DISTRICT JUDGE